## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SABRINA SOFFER, ARI SHAPIRO, and COMPLIANCE, ACCOUNTABILITY, POLICY, ETHICS – ED (CAPE-ED),<br><br>*Plaintiffs*,<br><br>v.<br><br>THE GEORGE WASHINGTON UNIVERSITY,<br><br>*Defendant*. | Case No. 1:25-cv-01657-LLA<br><br>Judge Loren L. AliKhan |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant the George Washington University ("GW" or the "University") respectfully notifies the Court of the First Circuit's decision in *StandWithUS Center for Legal Justice v. MIT*, — F.4th —, 2025 WL 2962665 (1st Cir. Oct. 21, 2025) (attached as Ex. A).  The First Circuit's decision underscores that Plaintiffs have not pled a viable Title VI claim in this case.

As here, *StandWithUS* addressed whether plaintiffs adequately pled that MIT, a private institution of higher learning like GW, violated Title VI by failing "to take sufficient action to curtail a surge of anti-Israel and pro-Palestinian student protests" on MIT's campus.  *Id.* at *1.  The district court dismissed the plaintiffs' complaint, as the University explained in its Motion to Dismiss.  *See* Dkt. 11-1 at 2 (citing *StandWithUS Ctr. for Legal Just. v. MIT*, 742 F. Supp. 3d 133 (D. Mass. 2024)).  The First Circuit affirmed dismissal on two independent grounds.

*First*, the court held that the plaintiffs did not plausibly allege "actionable harassment required by Title VI."  *Id.* at *6.  As the court explained, most "of the conduct about which plaintiffs complain[ed]" was "speech protected by the First Amendment," and Title VI does not "requir[e] a university to quash protected speech."  *Id.*; *see also id.* at *7–*9 (explaining First Amendment

1

"safeguards" that limit Title VI claims). Further, the court held that the protestors' actions in "gathering together in groups on campus," "disrupting campus tranquility," and "impeding travel for many students" did not render their speech unprotected. *Id.* at *7, *13. Finally, the court concluded that any isolated allegations of antisemitic conduct—mostly "perpetrated by other students or by guest speakers"—"were not sufficiently severe and pervasive to constitute actionable harassment." *Id.* at *14.

*Second*, the court held that the plaintiffs did not plausibly allege that MIT was "deliberately indifferent to the effects of the protests on Jewish and Israeli students." *Id.* at *6. Far from pleading that MIT's actions were "clearly unreasonable," the complaint showed that MIT "took an escalating series of actions aimed at calming the turmoil without violence." *Id.* at *15. The court stressed that "Title VI does not require schools to craft perfect solutions." *Id.* at *16 (cleaned up).

The First Circuit's reasoning applies equally here. Plaintiffs complain about protected speech, not actionable discrimination. And any isolated allegations of harassment are not sufficiently pervasive to be actionable under Title VI. Further, Plaintiffs have not plausibly alleged that the University was deliberately indifferent.

Dated: November 4, 2025

Respectfully submitted,

/s/ Jason C. Schwartz

Brian A. Richman (# 230071)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
(214) 698-3100

Jason C. Schwartz (# 465837)
Stuart F. Delery (# 449890)
Jacob T. Spencer (# 1023550)
Abigail B. Dugan (# 1743216)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5404
(202) 955-8500

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing using the CM/ECF system on

November 4, 2025, which will send an electronic notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Jason C. Schwartz*
Jason C. Schwartz (# 465837)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5404
(202) 955-8500

*Attorney for Defendant*