## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SABRINA SOFFER, ARI SHAPIRO, and COMPLIANCE, ACCOUNTABILITY, POLICY, ETHICS – ED ("CAPE-ED"),<br><br>              Plaintiffs,<br><br>      v.<br><br>THE GEORGE WASHINGTON UNIVERSITY,<br><br>              Defendant. | Case No. 1:25-cv-01657-LLA |

### PLAINTIFFS' RESPONSE TO
### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, Sabrina Soffer, Ari Shapiro, and Compliance, Accountability, Policy, Ethics – Ed (collectively, "Plaintiffs"), respectfully submit this response to the Notice of Supplemental Authority filed by Defendant, the George Washington University ("Defendant"), on November 4, 2025 (ECF No. 15). Plaintiffs seek to clarify two points of additional context regarding the U.S. Court of Appeals for the First Circuit's decision in *StandWithUS Center for Legal Justice v. MIT*, 158 F.4th 1 (1st Cir. 2025), and its potential applicability. Ultimately, the First Circuit's decision and the reasoning therein do not apply to the above-captioned matter.

*First*, the *StandWithUs* decision is not binding on this Court. The relevant inquiries at this stage remain whether Plaintiffs adequately state claims for relief and have standing, which have already been briefed in full (ECF Nos. 11, 13, 14). For example, Defendant already provided this Court with arguments regarding deliberate indifference and the relationship between the First Amendment and Title VI in its motion to dismiss (ECF No. 11-1 at 8-11, 13-18), and Plaintiffs responded to these arguments in their opposition (ECF No. 13 at 8-18; *see also id.* at 1 n.1 (discussing the U.S. Department of Justice's August 12, 2025 Notice of Findings regarding

Defendant's deliberate indifference)). That Defendant provides notice of an additional non-binding authority does not change the fact that the parties already briefed these issues under the rules of this Court.

*Second*, the appellants in *StandWithUs* filed a petition for rehearing and/or rehearing en banc on November 25, 2025 (Ex. A), which remains pending. Plaintiffs believe this petition will be granted, as it is supported by several *amici* briefs and recently published academic articles. *See* Zachary D. Fasman & Samuel Estreicher, *Anti-Zionism, Antisemitism and Title VI: College and University Responsibility for Campus Harassment of Jewish Students* (Jan. 9, 2026), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=6038134; David E. Bernstein, *Title VI Hostile Environment Law in the Shadow of Antisemitic Violence* (Jan. 6, 2026), Journal of Free Speech Law, Forthcoming, https://ssrn.com/abstract=6029555. Accordingly, the *StandWithUs* decision, which is already not binding on this Court and does not change the issues the parties briefed, may be subject to reconsideration soon.

DATED: January 14, 2026

Respectfully submitted,

*/s/ Jason B. Torchinsky*
Jason B. Torchinsky (# 976033)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, N.W., Suite 643
Washington, D.C. 20037
(202) 737-8808
jtorchinsky@holtzmanvogel.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the forgoing using the CM/ECF system on January

14, 2026, which will send an electronic notification of such filing to all counsel of record.

<u>*/s/ Jason B. Torchinsky*</u>
Jason B. Torchinsky
D.C. Bar # 976033
