IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SABRINA SOFFER, ARI SHAPIRO, and COMPLIANCE, ACCOUNTABILITY, POLICY, ETHICS – ED (CAPE-ED),<br><br>        *Plaintiffs*,<br><br>    v.<br><br>THE GEORGE WASHINGTON UNIVERSITY,<br><br>        *Defendant*. | Case No. 1:25-cv-01657-LLA<br><br>Judge Loren L. AliKhan |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant the George Washington University ("GW" or the "University") respectfully notifies the Court of the Northern District of Illinois's decision in *Doe v. Northwestern University*, 2026 WL 607423 (N.D. Ill. Mar. 3, 2026) (attached as Ex. A). The decision further demonstrates that Plaintiffs have not pled a viable Title VI claim.

The *Doe* plaintiffs alleged that Northwestern University, a private institution of higher learning like GW, violated Title VI "in connection with Northwestern's response to on-campus demonstrations and acts of antisemitism." *Id.* at *1. The plaintiffs claimed that "they experienced discrimination under Title VI because of their Jewish faith." *Id.* at *3. The court granted Northwestern's motion to dismiss the plaintiffs' Title VI claim for two reasons.

*First*, the plaintiffs failed to state a hostile educational environment claim under Title VI. *Id.* at *3–*6. As an initial matter, the complaint failed to allege "in many instances" that Northwestern officials had actual knowledge of the alleged antisemitism. *Id.* at *3–*4. Regardless, the plaintiffs did not plausibly allege that Northwestern was deliberately indifferent to the conduct at issue. *Id.* at *6. The court emphasized that deliberate indifference is a "stringent

1

standard of fault" requiring allegations that Northwestern's response to the alleged antisemitism was clearly unreasonable. *Id.* at *4 (quoting *Bd. Of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)). As with other recent decisions dismissing similar Title VI claims, the court concluded that the plaintiffs did not clear that high bar. *Id.* at *5–*6 (citing *StandWithUs Ctr. For Legal. Just. v. Mass. Inst. Of Tech.*, 742 F. Supp. 3d 133 (D. Mass. 2024), *aff'd* 2025 WL 2962665 (1st Cir. 2025); *Landau v. Corp. of Haverford Coll.*, 789 F. Supp. 4d 401 (E.D. Pa. 2025)).

*Second*, the plaintiffs failed to state a claim of intentional discrimination under Title VI because they did not plausibly allege—through direct or indirect methods—that Northwestern officials had discriminatory intent. *Id.* at *7–*8. Further, the plaintiffs failed to allege that offensive posts by Northwestern officials "precluded Plaintiffs from participating in, or denied them the benefits of, an educational program." *Id.* at *8; *see also id.* at *6 n.3 (similar).

As in *Doe*, Plaintiffs here have not plausibly alleged that the University was deliberately indifferent or had any discriminatory animus against Plaintiffs, or that Plaintiffs were meaningfully denied access to any educational program benefits.

Dated: March 6, 2026

Brian A. Richman (# 230071)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue Suite 2100
Dallas, TX 75201-2923
(214) 698-3100

Respectfully submitted,

*/s/ Jason C. Schwartz*
Jason C. Schwartz (# 465837)
Stuart F. Delery (# 449890)
Jacob T. Spencer (# 1023550)
Abigail B. Dugan (# 1743216)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5404
(202) 955-8500

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system on March 6, 2026, which will send an electronic notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Jason C. Schwartz*
Jason C. Schwartz (# 465837)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5404
(202) 955-8500

*Attorney for Defendant*