**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **SABRINA SOFFER**  *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **GEORGE WASHINGTON UNIVERSITY**, <br><br> Defendant. |

Case No. 1:25-cv-1657 (TNM)

**<u>MEMORANDUM ORDER</u>**

Two former George Washington University ("GWU") students and a student organization on behalf of its members sue GWU for its treatment of Jewish students and its handling of on-campus antisemitism.  *See generally* Compl., ECF No. 1.  Though the Complaint paints a dark picture, its length—spanning nearly two hundred pages and over one thousand paragraphs—violates basic pleading rules.  Fed. R. Civ. P. 8(a).  The Court will thus dismiss the Complaint without prejudice and permit Plaintiffs to file an amended complaint that complies with federal pleading rules.

**I.**

The Complaint before the Court describes a multi-year pattern of unaddressed antisemitism at GWU that came to a head with the Hamas terrorist attacks in October 2023 and worsened in following months.  *See* Compl. ¶¶ 187–1124.  Sabrina Soffer and Ari Shapiro, two Jewish students who attended GWU, *id.* ¶¶ 130, 134, along with an organization called "Compliance, Accountability, Policy, Ethics-Ed," *id.* ¶ 136, sue GWU over these events and seek damages and a variety of injunctive relief, *id.* at 174–76.  GWU moves to dismiss on multiple

1

grounds, including the Complaint's failure to satisfy Federal Rule of Civil Procedure 8.  *See* Mot. Dismiss at 13, ECF No. 11-1.  The motion is ripe, and the Court turns to this threshold issue now.

## II.

Federal Rule of Civil Procedure 8(a) requires complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  Rule 8 "underscore[s] the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up).  Enforcing these rules is largely a matter for the trial court's discretion.  *See id.* ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules . . . .").

A complaint may offend Rule 8 in more ways than one.  "[E]xcessively long" and "rambling" complaints that are "full of irrelevant and confusing material" violate its requirements.  *See T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013).  Indeed, while pleading rules generally provide plaintiffs "wide latitude in framing" claims, courts have "unhesitatingly dismissed" complaints that consist of "a labyrinthian prolixity of unrelated" charges.  *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (cleaned up).  Likewise, "repetitive, discursive and argumentative account[s] of the alleged wrongs suffered by the plaintiff" pose a problem.  *See Ciralsky*, 355 F.3d at 669 (cleaned up) (finding no abuse of the district court's "considerable discretion" for dismissing a complaint on these grounds).

Plaintiff's Complaint flouts these requirements.  Recall that Plaintiffs' allegations span nearly two hundred pages and over one thousand paragraphs.  *See generally* Compl. at 1–176.  Significantly shorter complaints often earn dismissal.  *See, e.g.*, *Ciralsky*, 355 F.3d at 665 (affirming dismissal of 61-page complaint with 105 paragraphs); *Unfoldment, Inc. v. District of*

*Columbia*, No. 07-01717, 2007 WL 3125236, at *1 (D.D.C. Oct. 24, 2007) (dismissing a 368-paragraph complaint "spread over 61 pages").  And much of its length stems from excessive narrative.  *See* Compl. ¶¶ 150–179 (nearly thirty paragraphs "On Jewish Identity and the Meaning of Antisemitism"); *id.* ¶¶ 455–543 (nearly ninety paragraphs describing speakers and events hosted by the Middle Eastern studies department); *id.* ¶¶ 714–880 (over 160 paragraphs narrating the encampment day-by-day, recounting every communication between students and the administration).  Rule 8 prevents Plaintiffs from "forc[ing]" either the Court or GWU "to select the relevant material from [this] mass of verbiage."  *See Ciralsky*, 355 F.3d at 665, 669 (cleaned up); *Unfoldment, Inc.,* 2007 WL 3125236, at *1 (dismissing a complaint that was "prolix" and "bloated with unnecessary detail").

Plaintiffs make no attempt to justify the Complaint's length or otherwise address GWU's argument about Rule 8.  *See* Mot. Dismiss at 13 (arguing that the "1,300-paragraph Complaint violates the basic pleading requirements of Rule 8"); *see generally* Pls.' Opp'n, ECF No. 13 (not addressing this argument).  And unlike the less "regrettable" scenario in which a pro se complaint breaches Rule 8, *Unfoldment, Inc.*, 2007 WL 3125236, at *2; *see, e.g.*, *Brown*, 75 F.R.D. at 499, "the complaint here was crafted and signed by lawyers who are members of the bar of this court," *Unfoldment, Inc.*, 2007 WL 3125236, at *2.  These features favor dismissal.

The Court recognizes the serious nature of allegations at issue.  It emphasizes that it dismisses only the Complaint without prejudice rather than dismissing the lawsuit.  The difference renders the Court's order non-appealable.  *Cf. Ciralsky*, 355 F.3d at 666 ("[C]ourts often regard the dismissal without prejudice of a complaint as not final, and thus not appealable under 28 U.S.C. § 1291, because the plaintiff is free to amend his pleading and continue the

litigation." (cleaned up)).  The Court accordingly grants Plaintiffs leave to file an amended complaint within 30 days of this Order.

Having considered the pleadings, the relevant law, and the parties' briefing, and for the reasons stated in this memorandum order, it is hereby

**ORDERED** that the [11] Motion to Dismiss is **GRANTED**; it is further

**ORDERED** that Plaintiffs' [1] Complaint is **DISMISSED** without prejudice; it is further

**ORDERED** that Plaintiffs are granted leave to file an Amended Complaint no later than August 31, 2026.

**SO ORDERED.**

_____

Dated:  July 31, 2026                                           TREVOR N. McFADDEN, U.S.D.J.

4